UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN D. HAMLET, | ) |
| Petitioner, | ) |
| v. | ) No. 2:17-cv-00573-WTL-DLP |
| WARDEN, | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, ADJUDICATING PENDING MOTIONS, AND DIRECTING ENTRY OF FINAL JUDGMENT**

Kevin Hamlet's petition for a writ of habeas corpus challenges his 2016 conviction in Marion County Superior Court for one count of theft. For the reasons that follow, Mr. Hamlet's petition is **denied**, and this action is **dismissed without prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Factual and Procedural Background

On August 11, 2016, Mr. Hamlet pled guilty to one count of theft in case number 49G15-1606-F6-024163. Mr. Hamlet was sentenced to serve 730 days in a Community Corrections work-release program. This sentence was set to run consecutive to a sentence previously entered on other charges.

It appears from the docket in the criminal proceeding that Mr. Hamlet filed a petition for postconviction relief in the trial court on November 15, 2016, then withdrew it on December 15, 2016. His petition was reinstated on January 24, 2017, and denied on December 22, 2017, in case number 49G15-1703-011760. Mr. Hamlet appealed the trial court's denial of his petition for

postconviction relief to the Indiana Court of Appeals on January 11, 2018, and that case remains pending.

While Mr. Hamlet's postconviction proceedings were pending, he also sought relief through other means. First, on December 12, 2016, Mr. Hamlet filed a petition for a writ of habeas corpus in this Court. *See* Case No. 2:16-cv-00457-WTL-MJD. The Court notified Mr. Hamlet that he must exhaust his state court remedies before seeking habeas relief in federal court, and Mr. Hamlet withdrew his petition. *See id.* at Dkt. Nos. 13, 14. Second, on January 11, 2017, he sought leave from the Indiana Court of Appeals to file a late direct appeal, and he was denied on March 3, 2017, in case number 49A02-1701-CR-00076. Finally, while his postconviction proceeding was pending in the trial court, Mr. Hamlet unsuccessfully petitioned the Indiana Supreme Court to remove his case from the trial court in case number 49S01-1708-SJ-00508.

On December 19, 2017, Mr. Hamlet filed his second petition for a writ of habeas corpus in this Court. Mr. Hamlet seeks habeas relief on grounds that he was not afforded effective assistance by his trial attorney, that his guilty plea was not voluntary, and that the trial court's acceptance of his plea (and subsequent failure to correct the error) was a manifest injustice.

**II. Discussion**

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In Indiana, that that means the petitioner must present his arguments in a petition for transfer to the Indiana Supreme Court after his postconviction appeal has been denied by the Indiana Court of

Appeals. *See Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

It is clear from the materials before the Court that Mr. Hamlet has not exhausted his state court remedies. The Indiana Court of Appeals has not yet decided his postconviction appeal. As such, the time has not even come for him to petition for transfer to the Indiana Supreme Court.

As Mr. Hamlet notes, "[i]nordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *Jackson v. Duckworth*, 112 F.3d 876, 881 (7th Cir. 1997). However, he has not established that the pace with which his state postconviction case has proceeded (eleven months in the trial court and seven months in the Court of Appeals) amounts to "inordinate delay" or that it is unjustifiable.

Because Mr. Hamlet has failed to exhaust his state court remedies, which is his burden to prove, *Baldwin v. Lewis*, 442 F.2d 29 (7th Cir. 1971), his petition must be **dismissed**.

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Mr. Hamlet has failed to exhaust his state court remedies. He has not shown the existence of circumstances permitting him to overcome this

hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **denied without prejudice**.

Mr. Hamlet's motion for change of address, Dkt. No. 27, is **granted**. The docket has been updated to reflect his new address. His remaining motions, Dkt. Nos. 20, 22, 24, 28, and 29, concern the merits of his claim rather than his exhaustion of state court remedies and are therefore **denied**.

Judgment consistent with this Order shall now issue.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 8/13/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN D. HAMLET
892772
INDIANA STATE PRISON MINIMUM SECURITY UNIT
201 Woodlawn Ave.
Michigan City, IN 46360

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov